# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Carmen Chambers,

    Plaintiff,

    v.                                          Case No. 1:11cv453

Commissioner of Social Security           Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's September 5, 2012 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 17.)

Notice was given to the parties under 28 U.S.C. §636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 18.)[1]

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here. Plaintiff objects to the Magistrate Judge's R&R on the basis that the ALJ failed to recognize that a number of Plaintiff's impairments are "severe." Plaintiff argues that as a result, the ALJ failed to properly account for these severe impairments in the RFC. This is an argument which was raised by Plaintiff in her statement of errors, and was addressed fully by the Magistrate Judge in the R&R. The Magistrate Judge concluded that the ALJ's severity findings are supported by substantial evidence. The Court agrees.

---

[1]Plaintiff's objections were not timely filed. However, the Court will nevertheless consider her objections.

First, Plaintiff again argues that the ALJ failed to recognize the difference between "stress" incontinence and "urge" incontinence. The Magistrate Judge noted that the ALJ discussed the two conditions separately in her decision. However, Plaintiff argues that the ALJ did not truly understand the difference. This Court concludes that the ALJ properly found that Plaintiff's incontinence was not a severe impairment.

As the Magistrate Judge explained, there was no medical opinion regarding urge incontinence limiting Plaintiff's ability to work. While Plaintiff testified that she needed to use the bathroom twenty times per day, the Magistrate Judge noted that there were significant gaps in treatment for urge incontinence. Under SSR 96-7p:

> Persistent attempts by the individual to obtain relief of pain or other symptoms, such as by increasing medications, trials of a variety of treatment modalities to attempt to find one that works or that does not have side effects, referrals to specialists, or changing treatment sources may be a strong indication that the symptoms are a source of distress to the individual and generally lend support to an individual's allegations of intense and persistent symptoms.
>
> On the other hand, the individual's statement may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure.

SSR 96-7p, 1996 WL 374186 at *7.

Next, Plaintiff argues that the ALJ and the Magistrate Judge failed to consider that the lack of medical evidence regarding Plaintiff's left knee impairment was due to Plaintiff's inability to afford medical treatment and medications. The ALJ is required to consider the claimant's reasons, including the inability to afford treatment, for failing to pursue regular treatment. *See* SSR 96–7p. However, there is no testimony by Plaintiff that the gaps in her treatment were due to an inability to pay for care. The most that Plaintiff points to in

her objections are records showing that Plaintiff was without health insurance and was paying for the treatment herself. Without more, the Court cannot attribute the lack of medical evidence to a inability to pay for treatment. *See also Gooch v. Sec'y of Health & Human Services*, 833 F.2d 589, 592 (6th Cir. 1987) ("It is doubtless true that a more affluent patient might have obtained a more detailed medical record, but it does not necessarily follow that such a record would have compelled the conclusion that the claimant was disabled. We must work with the record we have . . .").

Plaintiff also argues that the ALJ failed to recognize fibromyalgia as a severe impairment. However, as the Magistrate Judge noted, there was inconsistent evidence regarding fibromyalgia and the ALJ properly resolved the conflicts in the medical evidence. As the Magistrate Judge noted, a diagnosis of fibromyalgia does not necessarily lead to the conclusion that fibromyalgia is a severe impairment. *See Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) ("a diagnosis of fibromyalgia does not automatically entitle [the claimant] to disability benefits; particularly so here, where there is substantial evidence to support the ALJ's determination that [the claimant's] fibromyalgia was either improving or, at worst, stable.").

Plaintiff raises an additional issue which was not presented in her Statement of Errors. (See Doc. 10.) This Court has explained that "[a] party may not raise new matters in Objections that she did not first raise within initial briefing. *Stankoski v. Comm'r of Soc. Sec.*, 2:11-cv-627, 2012 WL 3780333 * 3 (S.D. Ohio Aug. 31, 2012) (citing Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (recognizing that "[c]ourts have held that while the Magistrate Judge Act . . . permits de novo review by the district court . . . it does

not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"); Carpenter v. Astrue, No. 2:07-cv-552, 2008 WL 3200280, at *1 (S.D.Ohio Aug.5, 2008) (holding that a claimant had waived issues on objection which he did not raise within his statement of errors)). However, the Court will nevertheless address Plaintiff's argument.

Plaintiff argues that the ALJ did not properly weigh the medical opinions with regards to Plaintiff's physical limitations. Specifically, Plaintiff points out that it was Dr. Schapera's opinion that Plaintiff was capable of "performing a mild to moderate amount of sitting, ambulating, standing, kneeling, pushing, pulling, lifting and carrying of heavy objects." Plaintiff explains that the ALJ found that she was capable of medium exertion. Plaintiff argues that if she was limited to a "mild to moderate" amount of lifting–meaning that she is limited to less than moderate exertion–then it follows she is not capable of a medium level of work.

"Medium work" is defined as "involv[ing] lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567. In reaching her conclusion that Plaintiff was capable of performing medium work, the ALJ relied on the opinion of the state agency physician, Dr. Caldwell. (Tr. 23.) As the ALJ noted, it was Dr. Caldwell's opinion that Plaintiff was capable of lifting and/or carrying fifty pounds occasionally and twenty-five pounds frequently. (Id.) Accordingly, the ALJ's determination that Plaintiff was capable of medium work is based upon substantial evidence. Therefore, this objection is overruled.

Plaintiff also argues that Dr. Schapera opined that Plaintiff's ability to kneel is limited, but the ALJ, without explanation, did not include this limitation as part of the RFC.

However, the Court notes that in her written decision, the ALJ did explain that it was Dr. Schapera's opinion that Plaintiff was capable of "mild to moderate amount of . . . kneeling." (Tr. 23.) Moreover, the ALJ included that specific limitation from Dr. Schapera in her hypothetical to the VE. (Tr. 64.) The VE responded that based upon that RFC, Plaintiff was capable of performing all her past relevant work. (Id.) Therefore, the ALJ's decision is supported by substantial evidence, and this objection is overruled.

Based on the foregoing, the Magistrate Judge's September 5, 2012 Report and Recommendation (Doc. 17) is hereby **ADOPTED**. Accordingly, the decision of the Commissioner is **AFFIRMED** and this matter is to be **CLOSED** on the active docket of the Court.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court